No. 53.—GARRETT VANNESS, plaintiff in error, *vs.* CHEESE-BOROUGH, STEARNS & Co. and others, defendants in error.

[1.] Where an *ex parte* application had been made to the presiding Judge of the Court below, to sanction a petition for *certiorari*, which application was granted; but before the Court had considered and decided upon any of the grounds of error alleged in the petition, the plaintiff in error sued out his writ of error to this Court, and on a motion to dismiss the writ of error, on the ground that it had been *prematurely* sued out, the motion was allowed by the Court.

Application for *certiorari.* Decision by Judge STARNES, 2d March, 1852.

A motion was made to dismiss the writ of error in this case, on the ground that the same was sued out to an interlocutory order, *viz*: the decision of Judge *Starnes*, in granting, *ex parte*, the writ of *certiorari*, there being as yet, no *final* decision in the cause. The errors assigned were: 1st. That the proper notices and steps were not made prior to the application for the writ of *certiorari;* and 2d. That the grounds taken for a *certiorari*, were not good in law.

JOHN K. JACKSON and A. H. H. DAWSON, for the motion.

MONTGOMERY, *contra.*

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The defendants in error have made a preliminary motion in this case, and insist that the writ of error was prematurely sued out by the plaintiff. An *ex parte* application had been made to the presiding Judge of the Court below, for a *certiorari*, which application was granted. No *final* decision had been made by the Court, upon any of the grounds of error alleged in the petition for *certiorari.* When the Court shall consider and decide the grounds of error taken·in the petition, the judgment may be in favor of the present plaintiff in error; *non constat*, that the decision will be against him, and that he will be *injured* thereby. The sanctioning the application for *certiorari* was the appropriate method of getting the question before the Court below for its decision. This case comes fully within the principles decided in *Carter and wife vs. Buchanan*, (2 *Kelly*, 338) and recently in the case of *Jones et al. vs. Dougherty*, decided at Cassville, during the last term of the Court, not yet reported. The writ of error must, therefore, be dismissed, having been issued prematurely.